UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMAL GLASS, on his own
behalf and on behalf of others
similarly situated,

CASE NO.:

      Plaintiff(s),

vs.

CITY OF ATLANTA,
GEORGIA, a municipal
corporation,

      Defendant.          /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, JAMAL GLASS, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, CITY OF ATLANTA, GEORGIA, a municipal corporation ("Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.     This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2.     This action is intended to include each and every "parks and recreational" employee who worked for the Defendant at any time within the past three (3) years.

II. PARTIES

3.     Plaintiff was a "parks and recreational" employee and performed related activities for Defendant in Fulton County, Georgia.

4.     At all times material to this action, the CITY OF ATLANTA GEORGIA was, and continues to be, a municipal corporation. Further, at all times material hereto, the CITY OF ATLANTA GEORGIA was and continues to be engaged in a business in Fulton County, Georgia.

III. JURISDICTION

5.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6.     The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

IV. COVERAGE

7.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9.     At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10.    At all times material to this action, Defendant was Plaintiff's "employers" within the meaning of the FLSA.

11.    Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

12.    At all times material to this action, Defendant the CITY OF ATLANTA GEORGIA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13.   Based upon information and belief, the annual gross revenue of Defendant the CITY OF ATLANTA GEORGIA was in excess of $500,000.00 per annum during the relevant time periods.

14.   At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working materials that had been moved in or produced for commerce such as garbage trucks, tools, gloves, telephones, paper, fax machines, and uniforms.

15.   At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA

16.   At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

V. FACTUAL ALLEGATIONS

17.   Plaintiff worked as a parks and recreational employee for Defendant.

18.   Plaintiff's job duties included, but were not limited to: traveling with crew to different city parks to cut grass and

maintain parks during the weekdays, and using garbage truck to pick up garbage at parks on the weekends.

19. Plaintiff worked in this capacity from approximately March 2012 through November 7, 2012.

20. Plaintiff was paid a regular rate of pay of $8.50 per hour without overtime pay for all hours of work performed.

21. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

22. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and those similarly situated to him overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

23. Defendant did not pay Plaintiff, and those similarly situated to him, overtime compensation due to their misclassification of parks and recreational employees as exempt seasonal employees.

24.     Plaintiff, and those similarly situated to him, should be compensated at the rate of one and one-half times its regular rate of pay for those hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

25.     Defendant has employed and is employing other individuals as parks and recreational employees who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

26.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

VI. COLLECTIVE ACTION ALLEGATIONS

27.     The additional persons who may become plaintiffs in this action also "worked" for Defendant, held similar positions to Plaintiff, and worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours in a workweek.

28.    Further,  Plaintiff  and  the  class  members  were subjected to the same pay provisions in that they were paid by the job and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.  Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

29.    This policy or practice was applicable to Plaintiff and the class members.  Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the  non-payment  of  overtime  to  Plaintiff  applies  to  all  class members.  Accordingly, the class members are properly defined as:

> All parks and recreational employees who worked at  Defendant  within  the  last  three  years  who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek

30.    Defendant  knowingly,  willfully,  or  with  reckless disregard carried out its illegal pattern or practice of failing to pay overtime  compensation  with  respect  to  Plaintiff  and  the  class members.

31.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

32.     During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

33.     Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

34.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

35.    Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.  During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid time and one half compensation for same.

36.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, has/have suffered damages plus incurring reasonable attorneys' fees and costs.

37.    As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

38.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for:

a.   Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b.   The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate him/them;

c.   Liquidated damages;

d.   Reasonable attorneys' fees and costs incurred in this action;

e.   Pre- and post-judgment interest as provided by law;

f.   Trial by jury on all issues so triable;

g.   Any and all further relief that this Court determines to be appropriate.

## COUNT II - DECLARATORY RELIEF

38.   Plaintiff re-alleges all allegations contained within Paragraphs 1-33 above.

39.   Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

40.   The Court also has jurisdiction to hear Plaintiff's requests for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

41.   Plaintiff may obtain declaratory relief.

42.   Defendant the CITY OF ATLANTA, GEORGIA was Plaintiff's employer.

43.   Plaintiff was individually covered by the FLSA.

44.   Plaintiff was entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

45.   Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

46.   Defendant did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

47.   Plaintiff is entitled to an equal amount of liquidated damages.

48.   It is in the public interest to have these declarations of rights recorded.

49.   Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

50.   The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

       a.   Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of

herein are in violation of the maximum hour provisions of the FLSA;

b.      Awarding Plaintiff overtime compensation in the amount due to them for Plaintiff's time worked in excess of forty (40) hours per workweek;

c.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.      Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.      Awarding Plaintiff pre-judgment interest;

f.      Ordering any other further relief the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury on all issues as triable as a matter of right by jury.

Dated this 30th day of May, 2013.

Respectfully submitted,

_____

C. Ryan Morgan, Esquire
GABN: 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*

CVL/cvl
1805730