# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JAMAL GLASS, on his own : 
behalf and on behalf of others :
similarly situated, :
 :
    Plaintiff, : CIVIL ACTION NO.
 : 1:13-CV-1822-RWS
v. :
 :
CITY OF ATLANTA, GEORGIA, :
 :
    Defendant.

## ORDER

This case is before the Court on Plaintiff's Motion for Conditional Certification of FLSA Collective Action and Order Permitting Court-Supervised Notice of this Action to Potential Opt-In Plaintiffs [11]. After reviewing the record and the Parties' submissions, the Court enters the following Order.

### Background

Jamal Glass ("Glass") worked as a "parks and recreation" employee for the City of Atlanta ("City") from March 2012 to November 2012. Glass's job duties included, but were not limited to: traveling with a crew to different City parks to cut grass and maintain the parks during weekdays, and using a garbage

truck to pick up garbage at City parks on weekends. Glass's regular rate of pay was $8.50 per hour.

Glass alleges that he and those similarly situated routinely worked more than forty hours per week as part of their regular job duties. However, Glass and those similarly situated were denied overtime compensation by the City for their hours worked in excess of forty hours per week. Glass alleges that the City misclassified him and other seasonal parks and recreation employees as FLSA-exempt.

Glass alleges that others who may become plaintiffs in this action held similar positions, worked in excess of forty hours per week during one or more weeks over the relevant time period, and were not paid at a rate of one and one-half times their regular rate for overtime hours worked. According to Glass, the same City policy or practice that resulted in denial of proper overtime pay for him also applies to the putative class members. He states, the putative class members are properly defined as:

> All parks and recreational employees who worked at Defendant within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

2

Glass alleges that the City "knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members." Further, he alleges, the City "did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations."

Glass alleges that the City has violated §§ 7(a)(1) and 15(a)(2) of the FLSA. He seeks, on behalf of himself and others similarly situated, recovery of overtime compensation, liquidated damages, reasonable attorneys' fees and costs, pre- and post-judgment interest, and a declaration that the acts and practices complained of violate the FLSA.

## Discussion

### I. Legal Standard for Conditional Collective-Action Certification

The FLSA authorizes collective actions, stating:

> An action ... may be maintained against any employer ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any

AO 72A
(Rev.8/82)

such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. § 216(b). This Court, in its discretion, may authorize the sending of notice to potential class members in a collective action. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-170 (1989); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001); Haynes v. Singer Co., 696 F.2d 884, 886-87 (11th Cir. 1983).

The Eleventh Circuit recognizes a two-tiered approach to class certification in FLSA cases. "The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members." Hipp, 252 F.3d at 1218. "The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." Id.

This case is before the Court for the first determination of class certification. At this stage, the "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative

4

class." Id. "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Id. (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)). Before granting conditional certification, courts should determine: (1) whether employees sought to be included in the putative class are similarly situated with respect to their job requirements and pay provisions; and (2) whether there are other employees who wish to opt-in to the action. Dybach v. State of Fla. Dept. of Corr.s, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

## II. Analysis

### A. Similarity of employment of putative class members

Glass bears the burden of establishing that he is similarly situated with the group of employees he wishes to represent. Grayson, 39 F.3d at 1096. The burden on him, however, is not a heavy one. As noted above, the standard is fairly lenient and Glass is not required to prove that he and the putative class members held identical positions, but only similar positions. See Hipp, 252 F.3d at 1217; Grayson, 79 F.3d at 1095-96 (holding that "the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements" for joinder and severance). "[V]ariations in specific duties, job

5

locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage." Scott v. Heartland Home Fin., Inc., No. 1:05-CV-2812-TWT, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006).

The City opposes conditional class certification on grounds that Glass is not similarly situated to the group he seeks to represent. According to the City, Glass was injured at some point during his employment and had to take leave during working hours for medical appointments, and thus specific inquiries will have to be made as to whether Glass actually worked the hours he claims to have worked and whether Glass, who was on a "light duty" assignment, performed similar job functions to those in the putative class. The Court finds this objection to conditional certification unpersuasive because variations in specific duties and working hours are fact issues that are not evaluated at this stage in the proceedings. Scott, 2006 WL 1209813, at *3.

The City also argues that individualized inquiries will be required in this case because there are numerous district supervisors and park supervisors, and each district supervisor is responsible for his own timekeeping. However, as Glass notes, he is not questioning the accuracy of hours tracking; he is

challenging an alleged City-wide practice of not properly compensating seasonal workers for their overtime hours. The City also objects to Glass's characterization of "parks and recreation" workers as a single group. The City points out that seasonal *park* workers typically perform services related to park maintenance, such as mowing, trimming and edging grass. On the other hand, *recreation* workers manage recreational activities, such as swimming, basketball, music and other educational activities inside the City's recreation facilities. Glass replies that minor distinctions in job responsibilities are not determinative at this stage, and the proposed "parks and recreation" class is comprised of seasonal workers paid in the same manner.

The Court agrees with Glass. "Parks and Recreation" is a Department within the City government. On the City's website, "seasonal" job opportunities are posted under a unified heading of "Department of Parks, Recreation & Cultural Affairs." See http://ch.tbe.taleo.net/CH16/ats/careers/jobSearch.jsp?org=ATLGA&cws=1 (last visited May 5, 2014). At this stage, the Court need not address differences in specific job duties. It is sufficient that Glass's allegations pertain to seasonal workers from a recognized Department within the City government who were

7

paid in the same manner and allegedly subject to the same erroneous overtime policy.

Finally, the City maintains that it does have a policy to pay seasonal workers for overtime hours and therefore deviations from that policy require case-by-case treatment and may not serve as the basis for a collective FLSA action. In support of this argument, the City points to Steven Lewis's declaration, which states: "the City posted on its website that it did pay seasonal workers overtime at time and one half the rate of pay." (Lewis Declaration, [11-3] ¶ 9.) Attached to Mr. Lewis's declaration is a City job posting from April 2012 that reads: "Seasonal employees are paid at the rates listed below, and they earn time and a half pay for all work in excess of 40 hours per week." (4/28/2012 Seasonal Jobs Posting, [11-4].) However, a similar seasonal job posting dated August 30, 2013, filed as an attachment to Glass's declaration, reads: "Seasonal employees are paid at the rates listed below. They do not receive paid sick, vacation or holiday leave." (8/30/2013 Seasonal Jobs Posting, [11-1].)

The later job posting makes no mention of overtime compensation for seasonal workers. Therefore, over the relevant time period, it is not clear what

the City's policy was regarding this issue. Furthermore, regardless of the language posted on the City's website, Glass alleges that the City's *practice* with respect to all seasonal parks and recreation employees was to withhold overtime pay. Therefore, the Court finds that Glass has alleged sufficient facts to demonstrate he is similarly situated to the class he seeks to represent.

### B. Interest by other Employees in the Lawsuit

In addition to showing that he is similarly situated to the putative class, Glass must also demonstrate that other employees wish to opt-in to the action before this Court may grant conditional certification. Dybach, 942 F.2d at 1567-68. "Notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit." Delano v. Mastec, Inc., No. 8:10-CV-320-T-27MAP, 2011 WL 2173864, at *4 (M.D. Fla. June 2, 2011) (emphasis in original). So far, two opt-in plaintiffs have consented to join this suit: Rodriquiz Barner ([10-1]) and Steven Lewis ([16-1]).

The Court has previously found that two opt-in plaintiffs (in addition to the named plaintiff) constitute a sufficient showing of interest by other employees to join the lawsuit. See Reece v. United Home Care of North Atlanta, Inc., No. 1:12-CV-2070-RWS, 2013 WL 895088, at *4-5 (N.D. Ga.

Mar. 8, 2013); see also Riddle v. Suntrust Bank, No. 1:08-CV-1411-RWS, 2009 WL 3148768, at *3 (N.D. Ga. Sept. 29, 2008) (finding named plaintiff and three opt-ins constituted sufficient showing of interest to conditionally certify class covering 1700 SunTrust bank locations across the entire Southeast region). Again, the standard at this stage is lenient because actual notice has not been sent to putative class members. Glass need only show that others desire to participate in the suit, and he has done that. Therefore, Glass has satisfied the two criteria for conditional class certification.

### C. Proposed Notice and Request for Limited Discovery of Names and Last Known Contact Information

#### 1. *Relevant Time Frame*

The City objects to Glass's request for employee information from the last three years because, it argues, Glass has failed to produce evidence that the City willfully violated the FLSA. The City is correct that the statute of limitations for actions brought under the FLSA is two years, or three years for willful violations. 29 U.S.C. § 255. The Court agrees with Glass that the appropriate period here is three years.

At the conditional certification phase, the Court relies on the pleadings

and supporting affidavits to make its determination. Glass is not yet required to produce actual evidence of the City's willful conduct. See <u>Kreher v. City of Atlanta</u>, 1:04-CV-2651-WSD, 2006 WL 739572, at *4 (N.D. Ga. 2006) ("At this stage of the litigation, the Court has minimal evidence before it. Plaintiffs' burden on conditional certification is minimal and may be met by making substantial allegations of FLSA violations, which are supported by affidavits, and by demonstrating a reasonable basis for finding these violations were common to a class of individuals.").

Here, Glass specifically alleges that the City willfully violated the law and did not act in good faith or in reliance on any relevant law or authority when formulating its pay practices. (Compl, [1] ¶¶ 30-31.) According to declaration testimony from Glass and opt-in Steven Lewis, the City took the position that it did not have to pay its seasonal workers for overtime. (Lewis Declaration, [11-3]; Glass Declaration, [11-1]; <u>See also</u> Part II.A., <u>supra</u>, for discussion of apparent change in City policy between April 2012 and August 2013 regarding overtime compensation for seasonal parks and recreation workers.) Glass's allegations of willful conduct by the City, coupled with declaration testimony, are sufficient to trigger the three-year limitations period.

11

### 2. *"Seasonal Parks and Recreation Workers"*

The City objects to inclusion of "recreation" workers in the proposed notice to putative class members. This issue is addressed above. At this stage, the Court will conditionally certify a class comprised of seasonal parks *and* recreation workers.

### 3. *Posting of Notice*

Glass requests that, in addition to permitting notice to putative class members by mail, the Court allow Plaintiffs to post the notice at each of the City's locations where seasonal workers are employed. Glass argues that his request is reasonable because of the likelihood that proposed class members are transient and will not be reached at the City's last known address. The City opposes posting of the notice because, it argues, it will be confusing to employees who are not part of the putative class. However, the Court has reviewed the proposed notice and does not see a significant danger of confusion. Therefore, the Court agrees that this is a reasonable request and will allow posting of the notice at City parks and recreation locations where seasonal workers are employed.

### 4. *Email Addresses*

Plaintiffs initially requested that the City provide email addresses for all putative class members. However, based on the City's representation that it does not maintain such information in its normal course of business, Plaintiffs withdrew the request. To the extent the City does have email addresses for individual putative class members, however, it should provide that information to Plaintiffs to facilitate notice to all potential class members.

5. *Social Security Numbers*

Plaintiffs also request social security numbers for putative class members, again because it may provide Plaintiffs' counsel with an added opportunity to locate transient individuals. The City argues that such a request is unsupported by any precedent. The Court agrees that full social security numbers for putative class members are not warranted, particularly because it has already authorized posting of the notice at City parks and recreation locations where seasonal workers are employed.

Based on the foregoing, the Court conditionally certifies a class defined as:

> All <u>seasonal parks and recreation employees</u> who worked for the City within the last three years who were paid by the hour but were not compensated at

> time-and-one-half for all hours worked in excess of 40 hours in a workweek.

Plaintiffs are **DIRECTED** to modify the proposed notice to reflect this class definition.[1]

## Conclusion

Plaintiff's Motion for Conditional Certification of FLSA Collective Action and Order Permitting Court-Supervised Notice of this Action to Potential Opt-In Plaintiffs [11] is **GRANTED**. Plaintiff is **DIRECTED** to revise the Proposed Class Notice [11-5] to comply with this Order. Defendant is **ORDERED**, within twenty days of the entry of this Order, to provide Plaintiff with the names, last known addresses, phone numbers, and email addresses, if available, of all putative class members who worked for the City since May 30, 2010.

---

[1] The Court notes that the proposed class definition in the Complaint omits reference to "seasonal" employees who were paid by the hour. The proposed notice, on the other hand, omits reference to parks and recreation employees. Both, as written, are too broad.

14

**SO ORDERED**, this <u>6th</u> day of May, 2014.

                                                                _____
                                                                RICHARD W. STORY
                                                                UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)